UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

HARVEY LEE MILES, JR.,
  *Defendant-Appellant.*

No. 00-4877

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Malcolm J. Howard, District Judge.
(CR-00-161)

Submitted: April 10, 2001

Decided: May 14, 2001

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen III, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Clifton T.
Barrett, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Harvey Lee Miles, Jr., appeals his conviction for harboring or concealing a fugitive, in violation of 18 U.S.C.A. § 1071 (West 2000), and his sentence of three years probation and a $100 special assessment. We affirm.

Deputy U.S. Marshals received information that a federal fugitive, Lawrence Russell, might be staying at Miles' apartment, and that Russell was associated with two specifically identified vehicles. After deputies observed both vehicles in the parking lot of Miles' apartment complex, one deputy telephoned Miles, identified himself, and told Miles to come to the front door. Within thirty to sixty seconds, Miles came out. Deputies handcuffed Miles and told him they were looking for Russell. Miles replied, "Check Detroit." Then, a deputy showed Miles the federal warrant for Russell. Miles stated that Russell was not in the apartment and initially refused to allow a search of the apartment. Twice, when again asked whether Russell had been in the apartment, Miles replied, "I'm not aware of this case."

Once the deputy began to call a federal magistrate for a search warrant, Miles agreed to allow two deputies in to search the apartment. Miles, still handcuffed, walked with the deputies through the one bedroom apartment, but did not block or protest to their search. The deputies located Russell in the kitchen closet.

Miles moved for judgment of acquittal or to set aside the jury's guilty verdict pursuant to Fed. R. Crim. P. 29, which the district court denied. The district court sentenced Miles to three years of probation and a $100 special assessment. Miles timely appealed his conviction and sentence.

When reviewing a district court's post-verdict judgment of acquittal, we must sustain the jury's verdict "if there is substantial evidence,

taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Mitchell*, 177 F.3d 236, 238 (4th Cir. 1999) (same) (quoting *United States v. Steed*, 674 F.2d 284, 286 (4th Cir. 1982)). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). "We must consider circumstantial and direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted).

For a conviction pursuant to § 1071, the Government must prove beyond a reasonable doubt that: "(1) a federal warrant has been issued for the fugitive's arrest; (2) the harborer had knowledge that a warrant had been issued for the fugitive's arrest; (3) the defendant actually harbored or concealed the fugitive; and (4) the defendant intended to prevent the fugitive's discovery or arrest." *Mitchell*, 177 F.3d at 238; *see United States v. Silva*, 745 F.2d 840, 848 (4th Cir. 1984). The Government may prove knowledge of a warrant by inference. *Silva*, 745 F.2d at 848. Inferred knowledge may come from the very act of harboring itself and false statements made. *Id.* at 848-49; *cf. United States v. Jones*, 797 F.2d 184, 187 (4th Cir. 1986).

The Government presented evidence that on several occasions, surveillance teams observed the vehicles associated with Russell at Miles' apartment complex. One of the vehicles was registered in New York, the state that issued Russell's warrant. From this evidence, we find the jury could have reasonably inferred that days before Russell's arrest, Miles provided food, shelter, or other assistance to Russell to aid him in avoiding detection and apprehension. Furthermore, based on Miles' attempts to deceive the deputies regarding Russell's presence in his apartment, we find the jury could have reasonably inferred Miles possessed the requisite knowledge of Russell's fugitive status even before the deputy specifically informed Miles of the warrant.

Viewing the evidence in the light most favorable to the Government, we find there was sufficient evidence from which a reasonable

jury could have found Miles guilty beyond a reasonable doubt of harboring and concealing a fugitive.

Accordingly, we affirm Miles' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*